UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 PENSION FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 WELFARE FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 VACATION FUND;
STEPHEN FLANAGAN, as Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 ANNUITY FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 LABORERS'
EMPLOYER COOPERATIVE AND EDUCATIONAL
TRUST FUND; STEPHEN FLANAGAN, as a Trustee of the
GENERAL BUILDING LABORERS' LOCAL 66 GREATER
NY LABORERS' EMPLOYER COOPERATIVE AND
EDUCATIONAL TRUST FUND; STEPHEN FLANAGAN,
as a Trustee of the GENERAL BUILDING LABORERS'
LOCAL 66 TRAINING PROGRAM; STEPHEN FLANAGAN,
as a Trustee of the GENERAL BUILDING LABORERS'
LOCAL 66 NEW YORK STATE HEALTH AND SAFETY
FUND; STEPHEN FLANAGAN, as Business Manager of
GENERAL BUILDING LABORERS' LOCAL UNION NO. 66
of the LABORERS' INTERNATIONAL UNION OF NORTH
AMERICA, AFL-CIO,

       Plaintiffs,        **REPORT AND**
                      **RECOMMENDATION**
  - against -
                    CV 08-4540 (ADS) (AKT)
NPORT CONSTRUCTION CORP. and
LEONID OLIJYNK,

       Defendants.
-------------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Stephen Flanagan, as the business manager of the General Building Laborers' Local Union No. 66 of the Laborers' International Union of North America, AFL-CIO ("Local 66") and as a Trustee of the General Building Laborers' Local 66 Pension, Welfare, Vacation, Annuity, Employer Cooperative and Educational Trusts, Training Program, and New York State Health and Safety Funds (collectively, the "Funds"), brings this action against Defendants NPORT Construction Corp. ("NPORT") and Leonid Olijynk ("Olijynk") for the collection of delinquent and unpaid fringe benefit contributions and attendant damages pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132. In addition to an award of such unpaid fringe benefit contributions for the period running from August 26, 2007 through October 13, 2007, Plaintiff also seeks interest, liquidated damages, costs, and attorney's fees. *See* DE 6 ("Menechino Aff.") ¶ 19. According to the Plaintiff, the full amount owed is $11,523.11. *Id.* [1]

Following the notation of default against Defendants NPORT and Olijynk, District Judge Spatt entered a default judgment against the Defendants and referred the matter to this Court for an inquest as to damages, including reasonable attorney's fees and costs, if appropriate. *See* DE 10. Based upon the information submitted by Plaintiff and for the reasons set forth below, this Court respectfully recommends to Judge Spatt that no damages be awarded at this time. The Court further recommends that Plaintiff be given leave to renew his motion for damages in order for Plaintiff to provide proper support for the damages sought.

---

[1]    Plaintiff in the Complaint seeks an injunction and "audit costs" [Compl. at 9-10] but does not appear to request such relief here.

2

## II. BACKGROUND

According to the Complaint, the Funds involved in this case are employee benefit plans within the meaning of ERISA. Compl. ¶ 2. The Plaintiff claims that Olijynk is "an officer and/or director and/or shareholder and/or agent of the corporate defendant . . . ." *Id.* ¶ 4. The Complaint further contends that the Defendants have been engaged in the building and construction industry as a contractor in both Nassau and Suffolk Counties. *Id.* ¶ 5. It is alleged that Local 66 and the Defendants were parties to a collective bargaining agreement ("CBA") which provided for contributions to be paid by Defendants to the Funds for each hour worked by those employees covered by the CBA. *Id.* ¶ 9. The Plaintiff maintains that the Defendants have failed and refused to pay the amounts owed to the Plaintiff in breach of the terms of the CBA and Declaration of Trust. *Id.* ¶¶ 12-27.

## III. APPLICABLE STANDARD

A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true. *See Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06 CV 1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a defendant's default is deemed to constitute his admission of all well-pleaded allegations of liability, the Court need not accept all allegations relating to damages, even if uncontroverted." *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Philip Gen. Constr.*, No. 05-CV-1665, 2007 WL 3124612, at *9 (E.D.N.Y. Oct. 23, 2007); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The only question remaining, then, is whether the Plaintiff Trustee has provided adequate support for the relief he seeks. *See Greyhound Exhibitgroup*, 973 F.2d at 158; *see also Finkel v. Omega Commc'n Servs., Inc.,* 543

F. Supp. 2d 156, 160 (E.D.N.Y. 2008) (determining that a court must still "conduct an inquiry to ascertain the amount of damages with reasonable certainty" after an entry of default).

In determining damages not susceptible to simple mathematical calculations, Rule 55(b)(2) of the Federal Rules of Civil Procedure gives courts discretion to determine whether an evidentiary hearing is necessary or whether to rely on detailed affidavits or documentary evidence. *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1989); *see also Finkel*, 543 F. Supp. 2d at 160 ("The Second Circuit has approved the holding of an inquest by affidavit, without a hearing, 'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'") (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). The moving party is entitled to all reasonable inferences from the evidence it offers. *Au Bon Pain Corp.*, 653 F.2d at 65.

## IV. DAMAGES

Plaintiff seeks the following damages: $7,665.09 in unpaid fringe benefit contributions for the period running from August 26, 2007 to October 13, 2007; $1,080.36 in interest; $1,642.66 in liquidated damages; $720.00 in attorney's fees; and $415.00 in costs. *See* DE 6 at 3. To support these damages, Plaintiff has submitted an Affidavit from his attorney, Alicia M. Menechino, along with weekly time reports, spreadsheet calculations, the CBA, interest tables and attorney billing records. Unfortunately, the documentary evidence, namely, the CBA and the Affidavit itself, are insufficient to provide the basis for an award of damages against the Defendants. The following discussion sets forth the deficiencies in Plaintiff's supporting documentation as evaluated by the Court.

4

### A. Unpaid Fringe Benefit Contributions

Under ERISA, a plaintiff may recover the full amount of unpaid fringe benefit contributions owed. *See* 29 U.S.C. § 1132(g)(2)(A). In this case, Plaintiff seeks to recover the unpaid fringe benefits earned by those employees of Defendant covered under the CBA for the period running from August 26, 2007 to October 13, 2007. The Court concludes that Plaintiff has not submitted sufficient evidence to support the amount of unpaid fringe benefits due.

The Complaint does not contain any details as to how the Funds determined the amounts Defendants owed, stating only that Defendants "refuse to pay . . . the amounts owed." *See* Compl. ¶¶ 13, 15, 17, 19, 21, 23, 25, 27, 29. In support of his motion for a default judgment, Plaintiff submitted the "Affidavit" of Alicia Menechino, attorney for Plaintiff.[2] In her Affidavit, Menechino states that she is the attorney of record in the case and therefore has personal knowledge of the facts contained in her Affidavit. Menechino Aff. ¶ 3. She explains that Plaintiff calculated the amounts owed by generating a spreadsheet "setting forth the amounts due for benefits per each bi-annual period. Said spreadsheets set forth the amount delinquent based upon the hours worked ... less benefit stamps actually purchased and redeemed by the employer." *Id*. ¶ 4.[3] Union members employed as "Shop Stewards" monitor work hours and submit reports confirming union employee hours worked. *Id.* Copies of the spreadsheet and the reports of the Shop Stewards are attached to the Menechino Affidavit. *Id*. at Exs. A, B. Unfortunately, none of the necessary information explaining the specific calculations and how they were made is included.

---

[2] The Court notes that the document submitted by Attorney Menechino is entitled "Affidavit." However, the affidavit is not signed and the jurat is blank.

[3] Pursuant to the CBA, all fringe benefit contributions shall be paid by supplying the employees with "Fringe Benefit Fund Stamps" that the employer purchases from a bank designated by the Funds. CBA at 48.

The Menechino "Affidavit" regarding the amounts claimed is unacceptable. First, Menechino is not an individual with first-hand knowledge of these calculations. A person with knowledge would include, for example, one of the Fund's Trustees or a designated representative of the Funds whose responsibilities encompass collecting or accounting for the employer contributions. An Affirmation or Declaration from counsel, standing alone, is not sufficient. *See Mugno v. Societe Internationale De Telecommunications Aeronautiques, Ltd.*, 05-CV-2037, 2007 WL 316573, at *9 (E.D.N.Y. Jan. 30, 2007) (refusing to consider statements in attorney affidavit that were not based on personal knowledge); *see also Peters v. Molloy College of Rockville Center*, No. CV 07-2553, 2010 WL 3170528, at *2 (E.D.N.Y. Aug. 10, 2012) (noting that belief or knowledge is not sufficient to make a declaration, rather, personal knowledge is required).

Further, the Menechino Affidavit is procedurally defective in that it does not contain the appropriate notary seal and is not signed under "penalty of perjury" pursuant to 28 U.S.C. § 1746. Pursuant to 28 U.S.C. § 1746, an affidavit may be unsworn, so long as it contains language in substantially the following form:

> I declare (or certify, verify, or state) under penalty of
> perjury that the foregoing is true and correct. Executed on
> (date).
>                     (Signature).

The Menechino Affidavit does not contain this language, but rather states that "Alicia M. Menechino … being duly sworn . . . ." However, the affidavit is not sworn and, as a result, the Court cannot rely on the statements contained in that document as support for the amounts claimed. *See Flanagan v. Stone Commercial Spraying Co., Inc. v. Westhall*, No. 05-CV-4527, Report & Recommendation (E.D.N.Y. July 20, 2012) (finding unsigned and unsworn affidavits

submitted in support of plaintiff's claims during a damages inquest to be insufficient to provide basis for an award against defendant); *Flanagan v. M.N.T. Dev. Corp.*, No. 09-CV-1250, 2011 WL 6955892, at *3 (E.D.N.Y. Dec. 13, 2011) (same), *adopted by*, 2012 WL 28299 (E.D.N.Y. Jan. 5, 2012); *Solis v. Cooper*, No. 10-CV-152, 2011 WL 288961, at *2 (N.D. Ind. Jan. 25, 2011) (holding in ERISA action that although the truth of the allegations in the complaint regarding liability were deemed admitted by the entry of default, the declaration of the investigator regarding damages was not subscribed as being true under penalty of perjury and therefore was not sufficient to show amount of damages); *Mugno*, 2007 WL 316573, at *9 (rejecting affidavits that were not signed under penalty of perjury).

Moreover, even if Plaintiff had provided sufficient evidence for the amount of unpaid contributions, there is no basis for awarding damages against Defendant Leonid Olijynk individually. Because a default judgment has already been entered against Defendant Olijynk [DE 10], his liability is already determined. Nevertheless, Plaintiff must demonstrate a basis for obtaining damages from Olijynk. *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. Although the CBA agreement states in bold that "[t]he person signing on behalf of the Employer also agrees to be personally bound by and to assume all obligations of the Employer provided in this Agreement . . . .", *see* CBA at 76, the copy of the CBA provided to the Court is not signed by Olijynk, nor is his name listed or mentioned on the signature page. In *Flanagan v. M.N.T. Development Corp.*, a case involving the same Plaintiff and Plaintiff's counsel, the court held that the individual defendant was not liable where, as here, Plaintiff submitted a copy of the CBA that was not signed by the individual defendant. 2011 WL 6955892, at *2. The court concluded that the plaintiff had not provided "overwhelming evidence of the signatory's intention to assume personal liability" as is necessary to hold an individual responsible for unpaid

contributions in a case such as this one. *See id*. (internal quotations omitted); *accord Flanagan v. Stone Commercial Spraying Co., Inc. v. Westhall*, No. 05-CV-4527, Report & Recommendation (E.D.N.Y. July 20, 2012). The Court finds that the reasoning of *M.N.T. Development Corp.* is equally applicable here.

Because Plaintiff has not submitted sufficient evidence in support of his claim as Trustee for unpaid benefit contributions, the Court respectfully recommends that no unpaid benefit contribution damages be awarded at this time.

### B.  Interest on Unpaid Contributions and Liquidated Damages

In an ERISA case in which judgment is entered in favor of the plaintiff, the plaintiff is entitled to interest on the unpaid contributions, as well as liquidated damages. 29 U.S.C. § 1132(g)(2)(B)-(C). The CBA in the instant action also provides that an employer who is delinquent in benefit contribution payments must pay interest and liquidated damages. CBA at 44-45. Under ERISA, the amount of liquidated damages due is calculated with reference to the amount of unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). Plaintiff requests interest in the amount of $1,080.36. However, because Plaintiff has not established the amount of unpaid contributions due, the Court is unable to calculate interest and liquidated damages.

Accordingly, the Court respectfully recommends to Judge Spatt that no interest or liquidated damages be awarded to Plaintiff at this time.

### C.  Attorney's Fees

Plaintiff requests attorney's fees in the amount of $720.00 for legal services and costs in the amount of $415.00. Menechino Aff. ¶ 19. Under ERISA "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Both the Second Circuit and the Supreme Court "have held that the lodestar method – the

product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2007)). "[W]hether the calculation is referred to as the lodestar or the presumptively reasonable fee, courts will take into account case-specific factors to help determine the reasonableness of the hourly rates and the number of hours expended." *Pinzon v. Paul Lent Mechanical Sys.*, No. 11-CV-3384, 2012 WL 4174725, at *5, *adopted by* 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012). These factors include:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill*, 522 F.3d at 184. "The party seeking reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours spent and rates charged." *Finkel v. Omega Comm'n Servs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)).

Although Plaintiff appears to be otherwise entitled to attorney's fees and costs, the only evidence submitted in support of these damages is the Menechino Affidavit. Again, the Menechino Affidavit is unsworn and was not signed under penalty of perjury. Regrettably, therefore, the Court cannot consider it. Accordingly, the Court respectfully recommends to Judge Spatt that Plaintiff not be awarded attorney's fees at this time.

## V. CONCLUSION

Based upon the foregoing information, the Court respectfully recommends to Judge Spatt that no damages be awarded to the Plaintiff at this time. However, it is this Court's recommendation that Plaintiff be granted leave to renew his motion in order to provide sufficient support for the damages sought, in accordance with the issues raised in this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, any objections to this Report and Recommendation must be filed within fourteen (14) days of service. Each party has the right to respond to the other's objections within fourteen (14) days after being served with a copy. See Fed. R. Civ. P. 6(a),(e), 72. All objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Arthur J. Spatt. Any request for an extension of time filing objections must be directed to Judge Spatt prior to the expiration of the period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir.), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Plaintiff's counsel is directed to serve a copy of this Report and Recommendation upon the Defendants forthwith by certified mail, return-receipt-requested and first class mail and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
January 8, 2013

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge