UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
STEPHEN FLANAGAN, AS A TRUSTEE OF THE
GENERAL BUILDING LABORERS' LOCAL 66 PENSION
FUND, STEPHEN FLANAGAN, AS A TRUSTEE OF THE
GENERAL BUILDING LABORERS' LOCAL 66                     **ORDER**
WELFARE FUND, STEPHEN FLANAGAN, AS A                    08-cv-4540 (ADS)(AKT)
TRUSTEE OF THE GENERAL BUILDING LABORERS'
LOCAL 66 VACATION FUND, STEPHEN FLANAGAN,
AS TRUSTEE OF THE GENERAL BUILDING
LABORERS' LOCAL 66 ANNUITY FUND, STEPHEN
FLANAGAN, AS A TRUSTEE OF THE GENERAL
BUILDING LABORERS' LOCAL 66 GREATER NY
LABORERS' EMPLOYER COOPERATIVE AND
EDUCATIONAL TRUST FUND, STEPHEN FLANAGAN,
AS A TRUSTEE OF THE GENERAL BUILDING
LABORERS' LOCAL 66 LABORERS' EMPLOYER
COOPERATIVE AND EDUCATIONAL TRUST FUND,
STEPHEN FLANAGAN, AS TRUSTEE OF THE
GENERAL BUILDING LABORERS' LOCAL 66 ANNUITY
FUND, STEPHEN FLANAGAN, AS A TRUSTEE OF THE
GENERAL BUILDING LABORERS' LOCAL 66 NEW
YORK STATE HEALTH AND SAFETY FUND, AND
STEPHEN FLANAGAN, AS BUSINESS MANAGER OF
GENERAL BUILDING LABORERS' LOCAL UNION NO.
66 OF THE LABORERS' INTERNATIONAL UNION OF
NORTH AMERICA, AFL-CIO,

            Plaintiff,
  -vs.-

NPORT CONSTRUCTION CORP. and LEONID OLIJYNK,

            Defendant.
----------------------------------------------------------------------X
**APPEARANCES:**

**Law Offices of William T. LaVelle, P.C.**
*Attorneys for the Plaintiffs*
The LaVelle Building
57 East Main Street
Patchogue, NY 11772
  By: Alicia M. Menechino, Esq., of Counsel

**NO APPEARANCE:**
Nport Constructino Corp.
Leonid Olijynk

**SPATT, District Judge.**

The Plaintiff Stephen Flanagan, as the business manager of the General Building Laborers' Local Union No. 66 of the Laborers' International Union of North America, AFL-CIO ("Local 66") and as a Trustee of the General Building Laborers' Local 66 Pension, Welfare, Vacation, Annuity, Employer Cooperative and Educational Trusts, Training Program, and New York State Health and Safety Funds (collectively, the "Funds"), brings this action against the Defendants NPORT Construction Corp. ("NPORT") and Leonid Olijynk ("Olijynk") for the collection of delinquent and unpaid fringe benefit contributions and attendant damages pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132. In addition to an award of such unpaid fringe benefit contributions for the period running from August 26, 2007 through October 13, 2007, the Plaintiff also seeks interest, liquidated damages, costs, and attorney's fees.

On September 30, 2009, the Court entered a default judgment against the Defendants NPORT Construction Corp. and Leonid Olijnyk, and referred the matter to United States Magistrate Judge A. Kathleen Tomlinson for an inquest as to damages, including reasonable attorney's fees and costs. On January 8, 2013, Judge Tomlinson issued a thorough Report recommending that the Court not award damages at this time, but to give the Plaintiff leave to renew his motion for damages in order for the Plaintiff to provide proper support for the damages sought. Specifically, she found that the documentary evidence, namely, the CBA and the Affidavit submitted by the Plaintiff's attorney, are insufficient to provide the basis for an award

of damages against the Defendants, including any award for attorney's fees. To date, no objection has been filed to Judge Tomlinson's Report and Recommendation.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Tomlinson's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Tomlinson's Report, the Court adopts the Report.

For the foregoing reasons, it is hereby:

**ORDERED** that Judge Tomlinson's Report and Recommendation is adopted in its entirety, and it is further

**ORDERED** that the Plaintiff's request for damages, interest, and attorney's fees is denied without prejudice; and it is further

**ORDERED** that the Plaintiff is granted leave to renew his motion for damages in order to provide proper support for the damages sought. The Plaintiff is directed to file this motion on or before March 26, 2013.

**SO ORDERED.**

Dated: Central Islip, New York
February 25, 2013

                 _/s/ Arthur D. Spatt_
                 ARTHUR D. SPATT
                United States District Judge